UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,             Case No. 25-cr-20470

    v.                       Hon. Denise Page Hood

JOLYAN RAEED ZAHRAH,

               Defendant.

_____/

### UNITED STATES' REPLY IN SUPPORT OF MOTION TO HOLD BOND HEARING IN ABEYANCE AND FOR ORDER COMMITTING DEFENDANT TO THE CUSTODY OF THE ATTORNEY GENERAL FOR A PSYCHOLOGICAL EVALUATION

The government replies to defendant's response (ECF No. 34) only to make three points, and to clarify the relief the government is requesting.

One, defendant's attempt to construe the government's motion seeking a competency evaluation as one seeking reconsideration (ECF No. 34, PageID.169-70) is facially frivolous. At no time did the government make a formal motion for a competency evaluation prior to the instant request. To the extent this Court desires supplemental briefing on that issue, the government would be happy to provide it.

Two, to the extent defense counsel believes he has "*not* alleged" (ECF No. 34, PageID.171) or made a formal request for a competency evaluation, that belief is irrelevant to the *Court's* analysis of whether *it* has "reasonable cause to believe"

1

the defendant is incompetent. 18 U.S.C. § 4241(a). That is because the defendant's own expert has rendered an opinion that he is incompetent. Under these circumstances, a defense attorney's failure to file a formal motion, or make a formal ask for a competency hearing, is immaterial. Defense counsel cannot refuse to acknowledge that he *should* be asking for a competency evaluation, because *his* expert says *his* client is incompetent, without violating his client's due process rights. *Filiaggi v. Bagley*, 445 F.3d 851, 858 (6th Cir. 2006) ("The due-process right to a fair trial is violated by a court's failure to hold a proper competency hearing where there is substantial evidence that a defendant is incompetent."). The government notes that "the defendant's lawyer is not only allowed to raise the competency issue, but, because of the importance of the prohibition on trying those who cannot understand proceedings against them, [he or] she has a professional duty to do so when appropriate." *United States v. Boigegrain*, 155 F.3d 1181, 1188 (10th Cir. 1998) (discussing ABA standards for criminal justice). When else does a defense attorney have the duty to demand a competency hearing, if not when his own paid expert has opined that the defendant is incompetent? More to the point, a defense attorney's decision to stick his head in the sand does not mean the Court can do the same thing.

Three, defendant mis-states the government's position as to the relief the government is requesting: defendant writes, "The government would have this

Court believe it *must* commit Jolyan for its requested competency evaluation." (ECF No. 34, PageID.173). Yes, it's true the government is *arguing* that there is only one reasonable conclusion the Court could come to in this case—the Court should not release a suicidal, dangerous, incompetent person on bond. But as a legal matter, the government is not claiming that the Court has no discretion as to the location where the competency examination is conducted. The black-letter law, and the government's argument, is this: the Court must *schedule* a competency evaluation, while the decision to commit Zahrah to BOP custody for that evaluation is *discretionary*. Again, there is only one reasonable course of action for this Court to take, and that is to keep the defendant in pretrial detention while ordering a competency evaluation.

At the end of the day, defense counsel is transparently attempting to use his expert report in a way that benefits his client for a "dangerousness" argument for bond, while simultaneously asking this Court to ignore the fact that his expert has found Zahrah incompetent and therefore unable to agree to conditions of bond.

## CONCLUSION

To clarify the relief the government is requesting, this Court:

(1) *must* order a competency evaluation under 18 U.S.C. § 4241(b), as well as a criminal responsibility evaluation under § 4242;

3

(2) *should* immediately commit the defendant to the custody of the Attorney General and order BOP psychologists to conduct the appropriate evaluations; and

(3) *should* adjourn the bond hearing until this process can be completed, because it would be unrealistic and irresponsible to release a truly incompetent and insane defendant on bond while expecting him to comply with bond conditions.

Respectfully submitted,

JEROME F. GORGON, Jr.
United States Attorney

*s/Zachary A. Zurek*
Zachary A. Zurek
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0285
Zachary.zurek2@usdoj.gov

Dated: June 10, 2026

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2026, the foregoing document was electronically filed with the Clerk of the Court of the Eastern District of Michigan using the ECF system.

_s/Zachary A. Zurek_
Zachary A. Zurek
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0285
Zachary.zurek2@usdoj.gov