**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOLYAN RAEED ZAHRAH,

Defendant.

Case No. 25-cr-20470

Honorable Denise Page Hood

**ORDER DENYING IN PART AND GRANTING IN PART THE GOVERNMENT'S MOTION TO HOLD BOND HEARING IN ABEYANCE AND FOR ORDER COMMITTING DEFENDANT TO THE CUSTODY OF THE ATTORNEY GENERAL FOR A PSYCHOLOGICAL EXAM [ECF NO. 26], REFERRING DEFENDANT FOR A MENTAL COMPETENCY EXAMINATION, AND GRANTING THE GOVERNMENT'S ORAL MOTION FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION OF DEFENDANT TO ADDRESS THE DEFENSE OF INSANITY**

## I. INTRODUCTION

On May 27, 2026, the Government filed a motion for a competency hearing and to hold the bond hearing in abeyance. [ECF No. 26]. In the Motion, brought pursuant to 18 U.S.C. § 4241 *et seq.*, the Government expresses concern that there is reasonable cause to believe that Defendant Jolyan Zahrah ("Defendant" or "Zahrah") may be presently suffering from a mental disease or defect rendering him mentally incompetent, thereby requiring a mandatory competency hearing pursuant to 18 U.S.C. § 4241(a). [ECF No. 26, at PageID.68]. The Government's concerns

arise from a report authored by defendant's expert witness, Dr. Gerald Shiener, opining that Zahrah is incompetent to stand trial and was insane at the time of the offense. [*Id*. at PageID.66-67]. Accordingly, the Government requests that the Court immediately commit Zahrah to the custody of the Attorney General for an examination to be completed by a qualified forensic psychologist. *Id*. Specifically, the Government requests that the Court order a BOP competency evaluation under 18 U.S.C. § 4241(b) as well as a criminal responsibility evaluation under § 4242. [*Id*. at PageID.68-69]. Defendant opposed the motion. [ECF No. 34]. The Court held a hearing on the motion on July 7, 2026, which was continued on July 30, 2026, and August 19, 2026. At the hearing on August 19, 2026, the Court granted the Government's unopposed oral motion for a psychiatric or psychological examination of Zahrah to address the defense of insanity.

Accordingly,

**IT IS ORDERED** that the Government's motion to hold bond hearing in abeyance and for order committing Defendant to the custody of the Attorney General for psychological evaluation is **GRANTED IN PART AND DENIED IN PART**. [ECF No. 26]. The Government's motion to hold bond hearing in abeyance is **DENIED**, and the Government's motion for an order committing Defendant to the custody of the Attorney General for psychological evaluation is **GRANTED**.

**IT IS FURTHER ORDERED**, pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, that:

(1) A psychiatrist or psychologist employed by the United States be appointed, authorized, and directed to examine the mental condition of Defendant, 18 U.S.C. §§ 4241(a) and (b), 4247(b);

(2) Defendant be committed to the custody of the Attorney General for such psychiatric or psychological examination for a period not to exceed 30 days, 18 U.S.C. § 4247(b);

(3) The U.S. Marshals Service transport Defendant to and from the facility;

(4) The examining psychiatrist or psychologist prepare, as soon as practical, but no later than 14 days after the completion of the examination, a written report that includes: (a) Defendant's history and present symptoms; (b) a description of the psychiatric, psychological, and medical tests that were employed and their results; (c) the examiner's findings; and (d) the examiner's opinions as to diagnosis, prognosis, and whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and whether the defendant was insane at the time of the offense charged, *see* 18 U.S.C. §§ 4241(b), 4247(c);

(5) The examiner shall promptly file UNDER SEAL the written report with this Court and provide copies of the report to defense counsel and the attorney for the Government, 18 U.S.C. § 4247(c). The report may be used by any party for purposes of a competency hearing, detention hearing, or, should the defendant decide to offer an insanity defense, at any hearing relating to a proposed insanity defense, or any other purpose ordered by the Court; and

(6) That the period beginning with the Government's motion and ending with the conclusion of the competency hearing, 18 U.S.C. §§ 4241(c), 4247(d), which will take place at a date and time set by the Court after the Court and parties receive the examiner's written report, be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (h)(1)(F), and that the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on Defendant's mental competency or with the lapse of 30 days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H).

**IT IS FURTHER ORDERED** that the Bureau of Prisons shall inform the Assistant United States Attorney once Defendant has been designated to a suitable facility for the psychiatric or psychological examination, at which time the Court will enter a separate order to transport Defendant to that facility, if required.

**IT IS FURTHER ORDERED** that if the evaluation of Defendant and/or the written report cannot be completed within the above-stated timeline, the Government shall notify the Court.

SO ORDERED.

Dated: August 21, 2026

s/Denise Page Hood
Denise Page Hood
United States District Judge